IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA L. SNYDER,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant.<br>_____/ | No. C 04-03844 CRB<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES** |

Counsel for Plaintiff Donna Snyder moves for $6,237.00 in attorney's fees for his representation of the plaintiff before this Court pursuant to 42 U.S.C. § 406(b).[1] Because the contingency fee agreement between Plaintiff and her counsel for 25% of total past-due benefits is reasonable, the motion is granted.

Section 406(b) authorizes a district court to award attorney's fees where, as here, the district court remands the case to the Social Security Administration for further proceedings and, following the remand, the claimant is subsequently awarded past-due benefits. See

---

[1] Counsel styles his motion as a request for $2,237.00 in fees, but that representation is misleading. In actuality, counsel seeks $6,237 in fees pursuant to § 406(b), which will then necessarily result in the refund of $4,000 in attorney's fees already awarded pursuant to the Equal Access to Justice Act. See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (quoting Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186). The Court can either award $6,237 in § 406(b) fees and order that counsel pay Plaintiff an offset of $4,000, or simply award $2,237. However, either way, the Court must first find that an award of $6,237 – not $2,237 – is appropriate.

<u>Garcia v. Astrue</u>, 500 F. Supp. 2d 1239, 1243 (C.D. Cal. 2007).  Accordingly, counsel for Plaintiff is entitled to an award for the 28.60 hours spent litigating before this Court.

In reviewing counsel's request for an award, this Court is tasked with ensuring that the contingency fee agreement yields "reasonable results" under the circumstances.  <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 807 (2002).  Factors relevant to the reasonableness determination include the character of the representation and the results achieved.  <u>Id.</u> at 808.  Attorney's fees may be reduced if the attorney is responsible for delay or if the benefits are large in comparison to the amount of time counsel spent on the case, and must be reduced to the extent the fee requested exceeds 25% of the benefits awarded to the plaintiff.  <u>Id.</u> at 807, 808.

Counsel's request for attorney's fees in the total amount of $6,237.00 for 28.60 hours of work, which calculates at the rate of $218.08 per hour, is reasonable in light of the legal standards set forth in <u>Gisbrecht</u> and the facts of this case.  Counsel successfully appealed an initial denial of benefits and obtained desirable results for his client.  Moreover, there is no evidence that counsel is responsible for any delay or any basis for concluding that the total past-due benefits awarded to Plaintiff – $63,748.00 – are large compared to the amount of time counsel spent on the case.  Accordingly, the Court approves counsel's request for $6,237 in attorney's fees pursuant to § 406(b) to be paid out of the plaintiff's past-due benefits.  In light of the requisite $4,000 EAJA fee award offset, the plaintiff is responsible for fees to counsel in the amount of $2,237 for work performed before this Court.

**IT IS SO ORDERED.**

Dated:  August 18, 2008

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE